IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

JAMEL DANIELS,　　　　　　　　　　Case No. 8:25-cv-2773

　　　Plaintiff,

vs.

THE KEARNEY COMPANIES, LLC,
a Florida limited liability company,

　　　Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. JURISDICTION AND VENUE**

　　1.　　This is an action for discrimination and unpaid wages under federal and state law.

　　2.　　Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this action arises under Title VII of the Civil Rights Act of 1964 and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

　　3.　　This Court also has supplemental jurisdiction over Plaintiff's claims under the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. § 760.01 et seq., pursuant to 28 U.S.C. § 1367.

　　4.　　Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because the unlawful employment practices were committed within this District and Defendant conducts business here.

## II. PARTIES

5. Plaintiff, Jamel Daniels ("Plaintiff"), is an African-American individual and a resident of Hillsborough County, Florida.

6. Defendant, The Kearney Companies, LLC ("Defendant"), is a Florida limited liability company engaged in commerce and employing more than 15 employees, and is an "employer" within the meaning of Title VII and the FCRA. Defendant is also an "employer" within the meaning of the FLSA.

## III. CONDITIONS PRECEDENT

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging discrimination on the basis of race and color.

8. The EEOC issued Plaintiff a Notice of Right to Sue, dated August 20, 2025. This action is timely filed within 90 days of Plaintiff's receipt of that Notice.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant on or about November 16, 2022.

10. Plaintiff consistently performed his job duties satisfactorily.

11. From the outset of his employment, Plaintiff was treated less favorably than similarly situated non-Black employees.

12. Unlike his non-Black coworkers, Plaintiff never received a performance evaluation or a raise during his employment.

13. Similarly situated employees of other races/colors performing comparable work received regular evaluations and raises.

14. Plaintiff also worked overtime hours for which he was not paid, due to Defendant's failure to keep accurate time records.

15. When Plaintiff complained to Defendant's HR representative, "Kelly," about unpaid overtime, she responded sarcastically by asking if he wanted to "complain to a higher authority." No action was taken, and Plaintiff was never compensated.

16. Plaintiff believes the failure to pay him for overtime was motivated by race discrimination.

17. Plaintiff was also required to operate unsafe company equipment, including trucks and machinery with faulty brakes, broken windshields, and broken mirrors.

18. Plaintiff complained to his supervisor and HR about the unsafe equipment, but his complaints were ignored.

19. On or about May 8, 2025, Plaintiff was involved in a minor accident while driving company equipment with faulty brakes and a broken windshield. No one was injured.

20. That same day, Plaintiff's supervisor informed him by telephone that he "had to let [Plaintiff] go."

21. On May 9, 2025, Plaintiff received a termination email from Defendant's HR department, stating his employment was terminated effective May 8, 2025.

22. Defendant later informed the Florida unemployment office that Plaintiff was terminated for "violating company policy" and for "damaging company property."

23. Defendant never specifically told Plaintiff what company policy he was accused of violating, or that his employment was terminated due to his "damaging company property."

24. Upon information and belief, similarly situated non-Black employees involved in accidents with company equipment/property were not terminated or even reprimanded.

25. Defendant also disclosed Plaintiff's confidential medical information to coworkers who had no legitimate business need to know, causing him embarrassment and emotional distress.

## V. CLAIMS FOR RELIEF

### COUNT I

**Race/Color Discrimination (Disparate Treatment) in Violation of Title VII**

26. Plaintiff incorporates by reference paragraphs 1–25 above.

27. Defendant discriminated against Plaintiff with respect to the terms and

conditions of his employment, including pay, performance evaluations, overtime compensation, and discipline/termination, on the basis of his race and/or color (African-American).

28. Defendant's actions constitute unlawful discrimination in violation of 42 U.S.C. § 2000e-2(a).

29. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost benefits, emotional distress, embarrassment, humiliation, and other damages.

30. Plaintiff is entitled to legal and equitable relief, including back pay, reinstatement or front pay, compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT II

**Race/Color Discrimination under the Florida Civil Rights Act (FCRA)**

31. Plaintiff incorporates by reference paragraphs 1–25.

32. Defendant discriminated against Plaintiff with respect to the terms and conditions of his employment, including pay, performance evaluations, overtime compensation, and discipline/termination, on the basis of his race and/or color (African-American).

33. Defendant's actions constitute unlawful discrimination in violation of Chapter 760, Florida Statutes, and specifically F.S. Sec. 760.10.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost benefits, emotional distress, embarrassment, humiliation, and other damages.

35. Plaintiff is entitled to legal and equitable relief, including back pay, reinstatement or front pay, compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT III

### Unlawful Disclosure of Confidential Medical Information

36. Plaintiff incorporates by reference paragraphs 1–25.

37. Defendant improperly disclosed Plaintiff's confidential medical information to coworkers, without any business necessity, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(d).

38. As a result, Plaintiff suffered embarrassment, humiliation, and emotional distress.

39. Plaintiff is entitled to damages, equitable relief, and attorney's fees and costs.

## COUNT IV

### Failure to Pay Overtime Wages under the Fair Labor Standards Act (FLSA)

40. Plaintiff incorporates by reference paragraphs 1–25.

41. At all times material, Plaintiff was employed by Defendant as a non-

exempt employee and was entitled to the rights, protections, and benefits provided under the FLSA.

42. At all times material, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

43. Defendant operates as an enterprise engaged in commerce or in the production of goods for commerce, with annual gross volume of sales made or business done in excess of $500,000 and is therefore subject to the overtime wage requirements of the FLSA, 29 U.S.C. § 203(s).

44. During the course of his employment, Plaintiff regularly worked more than forty (40) hours per workweek.

45. Plaintiff was not exempt from the overtime provisions of the FLSA.

46. Plaintiff is entitled to be paid at a rate of one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

47. Defendant failed to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek.

48. Defendant failed to maintain accurate records of Plaintiff's hours worked, in violation of 29 U.S.C. § 211(c).

49. Defendant's failure to pay overtime was willful, intentional, and in reckless disregard of the requirements of the FLSA.

50. As a direct and proximate result of Defendant's unlawful conduct,

Plaintiff has suffered lost wages.

## PRAYER FOR RELIEF

WHEREFORE, Jamel Daniels prays for judgment against Defendant as follows:

a. Back pay and benefits;

b. Reinstatement or front pay;

c. Compensatory damages;

d. Punitive damages;

e. Pre- and post-judgment interest;

f. Reasonable attorney fees and costs; and

g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all causes of action so triable.

Dated: October 9, 2025.         Respectfully submitted,

Law Offices of Chaiken & Chaiken, PA

By */s/ Brian Chaiken*
Brian Chaiken, FL Bar#118060
8350 SW 148 Dr.
Palmetto Bay, FL 33158
Tel:   224.305.0259
Bchaiken1@gmail.com
COUNSEL FOR PLAINTIFF